IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES A. NIEDERSTADT,

    Plaintiff,

v.                                                                       No. 22-cv-749 DHU/KK

LINCOLN COUNTY DETENTION
CENTER, CORRECTIONAL SOLUTIONS
GROUP,

    Defendants.

## MEMORANDUM OPINION AND ORDER DIRECTING AMENDMENT AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on Charles A. Niederstadt's Motion for Leave to Proceed in Forma Pauperis, filed October 7, 2022 (Doc. 2) (the "IFP Motion"); his Motion to Amend, filed March 24, 2023 (Doc. 12); and his Motion to Show Cause, filed April 12, 2023 (Doc. 13). For the reasons that follow, the Court will allow Plaintiff to proceed in forma pauperis and will waive the initial partial payment. The Court will also require Plaintiff to clarify his claims by filing a single amended complaint on a form provided by the Court. The remaining motions shall be denied as moot.

    I.       Background.

When he commenced this action, Niederstadt was detained in the Lincoln County Detention Center (LCDC). (Doc. 1 at 3). He has since been released from custody. He is proceeding *pro se.*

 Niederstadt's original pleading, filed on October 7, 2022, was a handwritten letter requesting a tort packet to file a lawsuit arising from alleged abuses by LCDC and the private

company that operates it. (Doc. 1 at 1). Twelve days later, Niederstadt filed a civil complaint on a form used in New Mexico State Courts, with a handwritten caption indicating that the case was brought in the Twelfth Judicial District, Lincoln County, New Mexico. (Doc. 4). In a narrative form comprising seventeen pages including exhibits, that complaint alleged, *inter alia*, that LCDC and the company that operates it were violating his Constitutionally protected civil rights. (*Id.* at 3). Two months later, on December 19, 2022, Niederstadt filed another complaint, also in narrative form, purporting to add defendants Rick Emonoms, Contractor Inc., and Lincoln County Sheriff's Department. (Doc. 5). The allegations in that complaint arose, apparently, from an incident in which a personal altercation involving multiple people led to Niederstadt's arrest and detention in LCDC where, he alleges, his Constitutional rights were violated. (*Id.*). The allegations of wrongdoing were supplemented by a letter, filed on December 22, 2022 (Doc. 6), a notice of grievances, also filed on December 22, 2022 (Doc. 7), and a letter filed on December 27, 2022 (Doc. 8). On March 24, 2023, Niederstadt filed the Motion to Amend presently before the Court. (Doc. 12). The Motion to Amend is a handwritten narrative, apparently seeking to bring tort claims against individuals Janice Buckanan and Steven and Gwen Dunn. (*See* Doc. 12 at 6). On April 12, 2023, Niederstadt filed the Motion to Show Cause, which appears to expand upon the allegations of civil rights violations against LCDCand to add claims (for false arrest) and defendants (Sergeant Jesse Finely of the Lincoln County Sheriff's Department and Marcus Blais, a Deputy District Attorney). (Doc. 13).

    II.    <u>Plaintiff Must Clarify his Claims.</u>

Because Plaintiff is incarcerated, the Complaint is subject to *sua sponte* screening. *See* 28 U.S.C. § 1915A (requiring screening of prisoner civil rights complaints). The Court must dismiss any pleading that is frivolous, malicious, or fails to state a cognizable claim. *Id.* The Court cannot

perform its screening function because it is unclear what claims Plaintiff intends to assert against whom. Instead of providing a short and plain statement showing his entitlement to relief and specifying the relief he seeks, as required by Rule 8(a), Niederstadt has filed numerous pleadings, letters, notices, and motions that appear to raise state and federal claims against numerous defendants. The Court will not attempt to construct Plaintiff's causes of action for him. *See McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014). Instead, Plaintiff will be required to clarify his claims and identify the defendants by filing a single prisoner civil rights complaint on a form provided by the Court. The Motion to Amend and the Motion to Show Cause, each of which appear to expand or supersede the most recently filed complaint, shall be denied as moot.

In addition to providing a short and plain statement of his entitlement to relief on a single amended form complaint, Plaintiff must clarify the nature of his civil rights claims. Among other things, Plaintiff seeks to pursue claims for violations of his Constitutionally protected civil rights. But it is not clear from Plaintiff's various pleadings whether he seeks to state claims for violations of his federal Constitutional rights under 42 U.S.C. § 1983, or whether he seeks to state claims for violations of his rights under the New Mexico Civil Rights Act. Either inference is equally supportable, as both the United States and New Mexico Constitutions guarantee civil rights. Plaintiff must therefore clarify whether his civil rights claims arise under federal or state law so the Court may determine whether they are properly raised in federal court. To inform Plaintiff's decision, the Court provides the following general overview of the governing law.

The Federal Civil Rights Act.

42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. Section 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials.

A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To plead a viable claim, a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. A § 1983 complaint must clearly identify "exactly who is alleged to have done what to whom" so that each defendant has notice of the basis of the claims against them particularly. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

A § 1983 action against a public official or entity may not be based solely on a theory of *respondeat superior* liability for the actions of government employees. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To state a viable § 1983 claim against a local governing body (such as a county), a plaintiff must allege with specificity that conduct undertaken pursuant to an "official policy [or governmental custom] is responsible for a deprivation of rights protected by the constitution." *Id.* at 690; *see Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1188 (10th Cir. 2010) ("[A] local governmental entity ... cannot be held liable for the acts of its employees on a theory of respondeat superior. Rather, it will only be held liable for its own acts— acts it has officially sanctioned or ordered."). "A challenged practice may be deemed an official policy or custom for § 1983 ... purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policy maker, or deliberately indifferent training or supervision." *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 770 (10th Cir.

2013).

### The New Mexico Civil Rights Act.

For claims arising after July 1, 2022, the New Mexico Civil Rights Act creates a cause of action for violations of rights, privileges or immunities secured pursuant to the bill of rights of the Constitution of New Mexico. *See* NMSA 1978 §§ 41-4A-3; 41-4A-12. Unlike § 1983, the New Mexico Civil Rights Act provides that public bodies "shall be held liable for conduct of individuals acting on behalf of, under color of or within the course and scope of the authority of the public body." *Id.* Claims brought pursuant to the New Mexico Civil Rights Act [must] be brought exclusively against a public body." NMSA 1978 § 41-4A-3(C). "As used in the New Mexico Civil Rights Act, 'public body' means a state or local government, an advisory board, a commission, an agency, or an entity created by the constitution of New Mexico or any branch of government that receives public funding[.]" NMSA 1978 § 41-4A-2. The New Mexico Civil Rights Act also waives sovereign immunity and prohibits the use of the defense of qualified immunity for causing the deprivation of any rights, privileges or immunities secured by the bill of rights of the New Mexico Constitution. NMSA 1978, §§ 41-4A-4, 41-4A-9.

III.     The Motion to Proceed *In Forma Pauperis* Shall be Granted.

Plaintiff's financial information reflects he is unable to prepay the $402 filing fee for his prisoner civil rights complaint. The Court will therefore grant Plaintiff leave to proceed *In Forma Pauperis*, which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). The Court will excuse the initial partial payment; however, beginning October 1, 2023, and until the $350 filing fee is paid in full, Plaintiff shall be required to make monthly payments of 20 percent of the preceding month's income each time his account balance exceeds $10.00. *See* 28 U.S.C. §1915(b)(2).

**IT IS THEREFORE HEREBY ORDERED** that within **thirty days** of the entry of this Memorandum Opinion and Order, Niederstadt must clarify his claims by filing a single amended complaint on a prisoner civil rights complaint form provided by the Court. Failure to timely comply with this directive may result in dismissal of this case without prejudice.

**IT IS FURTHER ORDERED** that the Motion for Leave to Proceed *In Forma Pauperis* **(Doc. 2)** is **GRANTED.** Beginning October 1, 2023, until the $350 filing fee is paid in full, Plaintiff shall make monthly payments of 20 percent of the preceding month's income each time his account balance exceeds $10.00.

**IT IS FURTHER ORDERED** that the Motion to Amend **(Doc. 12)** and the Motion to Show Cause **(Doc. 13)** are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail a blank prisoner's civil rights complaint to Plaintiff together with a copy of this Memorandum Opinion and Order.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE